UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHLEY VANRYSWYK, et al.,

          Plaintiffs,                    Hon. Hala Y. Jarbou

v.                                      Case No. 1:23-CV-513

GRAND TRAVERSE COUNTY
CIRCUIT COURT, et al.,

          Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiffs initiated this action against the Grand Traverse County Circuit Court and four individuals employed thereby.   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiffs' complaint be dismissed for lack of subject matter jurisdiction.

## ANALYSIS

This case arises from Plaintiffs' dissatisfaction with rulings made in a state court divorce and child custody proceeding involving Plaintiff Christopher VanRyswyk and his former spouse, Erika Whittaker.   (ECF No. 1).   In their complaint, Plaintiffs allege that Defendants have, for example, improperly failed to modify child support obligations, improperly garnished wages to satisfy child support obligations, made false statements in court orders, issued several "harsh" orders imposing fees and/or damages, failed to

1

notify Plaintiffs of hearings, and engaged in improper *ex parte* communications.   While the nature and/or basis of Plaintiffs' claims is difficult to discern, the relief Plaintiffs seek is quite clear.   Plaintiffs request monetary damages to compensate them for "over paid child support" and other expenses incurred in litigating the state court action.   Plaintiffs also request that the Court modify the child support order(s) entered by the state court.

Federal courts "have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."   *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 794 (6th Cir. 2015).   One of the exceptions to the Court's jurisdiction is the "domestic-relations exception," a limited exception that applies to a "narrow range of domestic relations issues."   *Id.* at 795.

The domestic relations exception exists to prevent federal courts from attempting to resolve difficult questions of state family law.   *See, e.g., Ankenbrandt v. Richards*, 504 U.S. 689, 704-05 (1992).   The domestic relations exception "does not deprive federal courts of jurisdiction to adjudicate a claim. . .unless a plaintiff positively sues in federal court for divorce, alimony, or child custody, or *seeks to modify or interpret an existing divorce, alimony, or child custody decree*."   *Alexander v. Rosen*, 804 F.3d 1203, 1205 (6th Cir. 2015) (emphasis added).   When assessing whether the exception applies, the Court looks "to the remedy that the plaintiff seeks."   *Greenberg v. Slatery*, 2023 WL 2771640 at *2 (6th Cir., Mar. 28, 2023) (citations omitted).

As noted above, Plaintiffs expressly request that the Court award damages for overpayment of child support and, furthermore, modify the child support order(s)

2

entered by the state court.   For the reasons articulated herein, the Court finds that it lacks jurisdiction to hear such requests.   Accordingly, the undersigned recommends that this matter be dismissed for lack of subject matter jurisdiction.

## **CONCLUSION**

For the reasons discussed herein, the undersigned recommends that Plaintiffs' complaint be dismissed.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: September 27, 2023                    /s/ Phillip J. Green
                                            PHILLIP J. GREEN
                                            United States Magistrate Judge